UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN WITTNER, | ) |
| | ) |
| Plaintiff, | ) Case No. SACV 11-01926 AJW |
| | ) |
| v. | ) MEMORANDUM OF DECISION |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff filed this action seeking reversal of the decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts, which included a prior order remanding this case to the Commissioner for further administrative proceedings to consider whether plaintiff was disabled from May 17, 2004, her alleged date of onset of disability, through February 14, 2007. [See JS 2; Administrative Record ("AR") 47-51, 576]. In an April 9, 2010 written hearing decision that constitutes the final decision of the Commissioner, an administrative law judge ("ALJ") found that plaintiff had severe impairments of disorder of the lumbar spine and chronic obstructive pulmonary disease ("COPD"). [AR 19]. The ALJ

further found that plaintiff retained the residual functional capacity ("RFC") to perform light work but was "precluded from concentrated exposure to dust, fumes, chemicals, gases, etc., or sudden severe temperature changes." [AR 23]. The ALJ concluded that plaintiff was not disabled because his RFC did not preclude him from performing past relevant work as a blueprinting machine operator. [See JS 2-3; AR 16-27].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Credibility finding**

Plaintiff contends that the ALJ improperly rejected his testimony about his subjective symptoms of back pain. [JS 4-25].

If the record contains objective evidence of an underlying physical or mental impairment that is reasonably likely to be the source of a claimant's subjective symptoms, the ALJ is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Absent affirmative evidence of malingering, the ALJ must then provide specific, clear and convincing reasons for rejecting a claimant's subjective complaints. Vasquez v. Astrue, 547 F.3d 1101, 1105 (9th Cir. 2008); Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160-1161 (9th Cir. 2008); Moisa, 367 F.3d at 885. "In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct,

daily activities, and work record, among other factors." Bray v. Comm'r, Soc. Sec. Admin., 554 F.3d 1219, 1221, 1227 (9th Cir. 2009); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885. If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The record shows that in August 2002, plaintiff had a lumbar spine x-ray that revealed osteopenia, levoscoliosis, and "degenerative changes at the L3-4, and L4-5 disc levels." [AR 19, 307]. Although this was initially interpreted as "[n]o acute process" [AR 307], an MRI conducted in November 2006 revealed degenerative and discogenic changes that indicated plaintiff's lower back condition had deteriorated. [AR 423-432]. In November 2007, plaintiff had another lumbar spine x-ray that revealed a "40% compression fracture of L5," and degenerative disc disease associated with scoliosis." [AR 540].

Plaintiff notes that during his prior hearing, he explained that his low back pain began in 1979 and it has worsened over the years. [JS 4]. Plaintiff characterizes his testimony at his most recent hearing regarding the relevant time period as follows:

> [H]e had pain in his right back, right knee, left ankle, and both legs. He lies down about six hours during the day. He had difficulty sitting more than 20 minutes. He drove but only short distances. He does 'a little bit' of housework; he vacuums but 'very little' but does not mop. He shops 'for a few items.' He appeared at the hearing wearing a back brace, which he had worn for about three years. He also came to the hearing using a cane, which he had started using that year on his own.

[JS 4 (citing AR 586-604)].

The ALJ concluded that plaintiff's testimony about his subjective symptoms was not fully credible. [AR 23-26]. Specifically, the ALJ found that plaintiff retained the RFC to lift and carry twenty pounds occasionally and ten pounds frequently, sit eight hours in an eight-hour workday, stand and walk for six hours in an eight-hour workday provided he is allowed to change positions for one to three minutes every hour, and occasionally climb stairs, bend, balance, stoop, kneel, crouch and crawl. [AR 23].

3

The ALJ provided four reasons to support her credibility finding. Plaintiff fails to discuss, or even acknowledge, the ALJ's "[f]irst and foremost" reason for finding him not credible: the inconsistency between his allegations and the observations of his wife of 26 years. [AR 23, 149-150]. Therefore, plaintiff has waived any challenge to this aspect of the ALJ's credibility finding. See Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) (holding that claimant waived issues because he did not raise those issues before the district court); Rojas v. Astrue, 2012 WL 3301025, at * 3 n.1 (E.D. Wash. Aug. 13, 2012) (holding that the plaintiff waived challenge to the ALJ's credibility evaluation by not contesting it before the district court); Green v. Atrue, 2010 WL 3075669, at *3 (C.D. Cal. Aug. 5, 2010) (holding that the plaintiff waived judicial review of the ALJ's rejection of a therapist's opinion by not challenging it before the district court).

Irrespective of plaintiff's waiver, the ALJ was entitled to consider inconsistencies between plaintiff's subjective allegations and his wife's observations "concerning the nature, severity, and effect of the symptoms of which he complains." Light, 119 F.3d at 792; see generally Parsons v. Comm'r, Soc. Sec. Admin., 2012 WL 4468542, at *7 (E.D. Cal. Sept. 26, 2012) (noting the plaintiff's failure to address an aspect of ALJ's credibility determination, but addressing it on the merits because it was consistent with the law and supported by substantial evidence). The ALJ noted that plaintiff indicated on his written function report that, due to his pain, he has a short attention span; he is unable to complete tasks; and he does not handle changes to routine well. [AR 23-24, 130-131]. During the hearing, plaintiff also indicated that the pain makes it difficult for him to concentrate. [AR 584]. However, plaintiff's wife of 26 years indicated on a third party function report that he has "no problem" paying attention; that his condition did not affect his ability to complete tasks; and that he handles changes to routine "well." [AR 21, 24, 149-150]. The ALJ also noted that plaintiff's wife's observations were corroborated by objective medical evidence. For example, Dr. Krieg, an examining psychologist, concluded that plaintiff's attention and concentration were within the normal limits, and that he was able to sustain performance on detailed and complex tasks. [AR 534]. Dr. Krieg also concluded that plaintiff "appears able to deal with the usual stress that may be encountered in competitive work and adjust to changes." [AR 535]. Dr. Parikh, an examining psychiatrist, reached similar conclusions. [AR 359-362]. The ALJ concluded that plaintiff's wife's statements, which correlated with these examining source clinical findings, were wholly inconsistent with plaintiff's own representations and therefore undermined his credibility "generally and . . . as to the severity of his

1 symptoms." [AR 24]. The ALJ could properly consider these inconsistencies in assessing plaintiff's
2 credibility. See Thomas, 278 F.3d at 958-959; Galvan v. Astrue, 2012 WL 4801087, at *11-12 (E.D. Cal.
3 Oct. 9, 2012) (holding that the ALJ's credibility determination was supported by inconsistencies between
4 the claimant's statements, his wife's statements, and the objective medical evidence).

5       Second, the ALJ found that plaintiff's failure to follow a prescribed course of treatment further
6 undermined his credibility. [AR 24]. The ALJ stated that plaintiff was prescribed Paxil, Depakote, and
7 Wellbutrin for bipolar disorder, but that the record indicated that plaintiff stopped taking these medications
8 on his own accord in February 2003, before his alleged onset date. [AR 24, 358]. Plaintiff contends that
9 the credibility of his mental health symptoms is not at issue and should not be considered in evaluating his
10 credibility regarding his back pain. [JS 14-16]. The ALJ found that plaintiff's mental impairment was
11 nonsevere because there were no medical records indicating any treatment, diagnoses, or subjective
12 complaints within the time period on remand from Appeals Council. [AR 20]. Plaintiff's failure to continue
13 taking medication for an impairment that is nonsevere, during a period prior to plaintiff's alleged onset date,
14 has no bearing on the credibility of his subjective complaints of back pain. Moreover, even if the ALJ
15 concluded that plaintiff's failure to continue taking his prescribed psychiatric medication undermined
16 plaintiff's overall credibility during the relevant period, the Ninth Circuit has instructed that "it is a
17 questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking
18 rehabilitation." Regennitter v. Comm'r, Soc. Sec. Admin., 166 F.3d 1294, 1299-1300 (9th Cir. 1999)
19 (internal quotation marks and citations omitted). Thus, plaintiff's failure to continue taking his psychiatric
20 medication is not a clear and convincing reason for rejecting his subjective complaints of back pain.

21       Third, the ALJ found that plaintiff's daily activities were inconsistent with his allegations of pain.
22 [AR 24]. The ALJ remarked that plaintiff reported the ability to clean, do laundry, vacuum, dust, sweep the
23 floor, and empty trash. [AR 24, 127]. The ALJ concluded that the ability to perform those activities was
24 consistent with an RFC for light work. [AR 24]. Plaintiff also indicated that he watches television "most
25 of the day, all too well," dines with his wife at restaurants on the weekends, attends church once a week,
26 does the shopping and cooking, manages funds, pays the bills, reads, listens to the radio, and talks with
27 family and friends. [AR 129, 399]. Plaintiff's reported daily activities were a factor the ALJ could properly
28 consider, particularly in regard to whether he could perform a range of light work that included the option

1 of sitting for eight hours a day. [AR 23]. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989) (stating that
2 "if a claimant is able to spend a substantial part of his day engaged in pursuits . . . that are transferable to
3 a work setting, a specific finding as to this fact may be sufficient to discredit an allegation" of excess pain).
4 Plaintiff complains that the ALJ failed to specify the weight of the vacuum he used or the amount of laundry
5 or trash he lifted and carried [JS 18], but he does not cite any authority for the proposition that the ALJ was
6 required to assess those tasks at that level of specificity in order to conclude that performing them was
7 consistent with the ability to perform a range of light work. See Bunnell, 947 F.2d at 346-47 (stating that
8 the ALJ may consider a claimant's daily activities in assessing credibility); Racette v. Asture, 2010 WL
9 1286786, at *10-*11 (E.D. Cal. Mar. 29, 2010) (holding that the ALJ permissibly concluded that the alleged
10 severity of the claimant's subjective symptoms was inconsistent with her daily activities of cooking,
11 cleaning, laundry, shopping, going out to eat, and watching television, among other activities).

12 Finally, the ALJ noted that medical health professionals who treated or examined plaintiff also have
13 questioned plaintiff's credibility by noting that he was a poor historian, had poor eye contact, was defensive,
14 and was evasive. [AR 24]. The ALJ permissibly concluded that these accounts of plaintiff's behavior
15 further detracted from his credibility. [AR 24]. Although plaintiff contends that there are no records
16 supporting the ALJ's conclusion within the relevant period [JS 21], but there is substantial evidence in the
17 record to support the ALJ's conclusion. [See AR 262 (plaintiff was a "poor historian"); AR 266 (poor
18 historian); AR 292, 294 (denied alcohol and use but diagnosed with alcohol and cocaine abuse); AR 350
19 (poor historian); AR 366 (suboptimal historian); AR 462 (refused treatment and sought discharge against
20 medical advice); AR 491 (poor historian); AR 498 (poor historian; refused to answer most of the questions);
21 AR 511 (answered questions inappropriately); AR 516 (denied but later admitted "drinking anything he
22 could get his hands on"; denied medical problems; refused to provide information; poor historian); AR 530
23 (fair historian); AR 537 (denied drinking alcohol)]. Throughout plaintiff's treatment history—before,
24 during, and after the time period under review—doctors and other medical personnel concluded that plaintiff
25 was a poor historian and that his demeanor suggested a lack of candor. The ALJ could properly consider
26 this information in assessing credibility. See, e.g., Thomas, 278 F.3d at 959 (ALJ's finding that plaintiff
27 "had not 'been a reliable historian, presenting conflicting information about her drug and alcohol usage'"
28 and inference that her "lack of candor carries over to her description of physical pain" was supported by

1  substantial evidence in the record and supported ALJ's negative conclusions regarding the claimant's
2  credibility); Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (holding that the ALJ can use
3  "ordinary techniques of credibility evaluation"); Everett v. Astrue, 2012 WL 1965958, at *15 (E.D. Cal.
4  May 31, 2012) (concluding that a doctor's indication that the claimant was "difficult to evaluate" because
5  she was a poor historian and gave conflicting information supported the ALJ's credibility determination).

7  Although plaintiff's failure to continue taking his psychiatric medication is not a valid reason for
8  rejecting his subjective complaints about his back pain, the ALJ's remaining three reasons fully support her
9  credibility finding. Where, as here, the ultimate credibility finding is supported by substantial evidence in
10 the record, the ALJ's decision must be upheld. See Carmickle, 533 F.3d at 1162-1163.

11 **Consultative medical source opinion**

12 Plaintiff contends that the ALJ should have considered the consultative examining medical opinion
13 of Dr. Conception Enriquez. [JS 30-31].

14 The ALJ must provide clear and convincing reasons, supported by substantial evidence in the record,
15 for rejecting the uncontroverted opinion of an examining physician. A controverted examining source
16 opinion may be rejected for specific and legitimate reasons that are based on substantial evidence in the
17 record. Batson v. Comm'r, Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Tonapetyan v. Halter,
18 242 F.3d 1144, 1148-1149 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995).

19 Plaintiff contends that Dr. Enriqez's opinion "should have been considered to the extent that it was
20 relevant to the period in question." [JS 30]. As defendant points out [JS 31-32], plaintiff's argument is
21 misplaced because the ALJ did rely on Dr. Enriquez's opinion. [AR 25]. The ALJ stated that her finding
22 that plaintiff's "COPD is a severe physical impairment is one most favorable to the claimant . . ." [AR 25].
23 The ALJ noted Dr. Enriquez's findings regarding plaintiff's COPD. Even though she found plaintiff less
24 than entirely credible, the ALJ "fully accounted for symptoms of the claimant's COPD in the [RFC]
25 determination," and she adopted Dr. Enriquez's recommendation that plaintiff be limited from concentrated
26 exposure to dust, fumes, chemicals, gases, and temperature changes. [AR 23, 25, 539]. The ALJ also stated
27 that she "considered, and relied upon in part . . . [and] largely paralle[ed] the exertional and postural
28 limitations opined by Dr. Enriquez." [AR 25]. Contrary to plaintiff's assertion, the ALJ not only considered

but relied on Dr. Enriquez's opinion in limiting plaintiff's RFC.

Plaintiff appears to believe that the ALJ did not consider Dr. Enriquez's opinion because the ALJ said in her decision that she did not consider certain records. [JS at 30 (citing AR 25)]. Plaintiff misreads the decision because it is clear that the ALJ was referring to other records, not Dr. Enriquez's consultative examination report. The ALJ noted that medical records after the relevant period suggested improvement and that plaintiff was "feeling good." [AR 25 (citing Exhibit 21F[1])]. Immediately following that sentence, the ALJ stated: "Of importance: these records were not the basis for the [RFC] determination, nor were they relied on." [AR 25]. Thus, it is clear that the ALJ was referencing other records, which she said she did not consider because they were created after the relevant period. [AR 25].

Finally, plaintiff makes the conclusory argument that "Dr. Enriquez's opinions are inconsistent with the RFC in part, for example, his finding that [p]laintiff is limited to lifting/carrying 10 pounds, even occasionally." [JS 31]. Any argument that the ALJ improperly rejected a portion of Dr. Enriquez's opinion contradicts plaintiff's primary argument that the ALJ improperly failed to consider that doctor's opinion. Disregarding the contradictory nature of the argument, plaintiff fails to mention, discuss, or otherwise address any of the other substantial evidence of record relied on by the ALJ to assess plaintiff's RFC, such as Dr. Naffosi's opinion that plaintiff could twenty pounds occasionally and ten pounds frequently. [See, e.g., AR 577-578]. Moreover, the ALJ is not obliged to discuss, or provide a rationale for rejecting, every discrete finding made by an examining physician such as Dr. Enriquez. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'") (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) and citing Vincent v. Heckler, 739 F.2d 1393, 1394-1395 (9th Cir. 1984)). As discussed above, the ALJ specifically relied upon and incorporated Dr. Enriquez's opinion in fashioning plaintiff's RFC. Plaintiff's conclusory and unsupported argument is without merit.

///
///
///

---

[1] Dr. Enriquez's consultative examination report is Exhibit 17F. [AR 536-540].

## Conclusion

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly, the Commissioner's decision is **affirmed**.

**IT IS SO ORDERED.**

December 12, 2012

_____
ANDREW J. WISTRICH
United States Magistrate Judge